## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE HARRISON, #K61673,      )
                                            )

        **Plaintiff,**               )
                                            )

vs.                             )        **Case No. 18-cv-02205-NJR**
                                          )

PHILLIP MARTIN,              )
VIPIN SHAH,                 )
NURSE CUMMINS,            )
NURSE CHLEBOWSKI,       )
WEXFORD HEALTH SOURCES, INC., )
and DAVID RAINS,           )
                                          )

        **Defendants.**            )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Willie Harrison, an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Robinson Correctional Center ("Robinson"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and retaliated against him for filing grievances in violation of the First Amendment. (Doc. 7). Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can

1

be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Amended Complaint**

In the Amended Complaint, Plaintiff makes the following allegations: When Plaintiff entered Robinson, he had a diagnosis of crohn's disease. (Doc. 7, p. 6). In May and June 2018, Plaintiff underwent three surgeries related to his crohn's disease. (Doc. 7, pp. 6-7). Plaintiff alleges Defendants denied and delayed necessary treatment for his crohn's disease prior to the surgeries, and post-surgery, in deliberate indifference to his serious medical need. (Doc. 7, pp. 6-11).

Prior to the surgeries, Dr. Shah and Nurse Cummins failed to treat plaintiff's crohn's disease symptoms and provided medications with adverse effects. (Doc. 7, pp. 6-8). Plaintiff's repeated complaints of severe pain in his side, groin, stomach, and back, blood in his stool, and vomiting yellow and black fluids were largely ignored. *Id.* Nurse Cummins provided no treatment for his chronic symptoms and told him to stop coming to sick call. (Doc. 7, p. 6). Dr. Shah prescribed ibuprofen and steroid shots, which exacerbated his symptoms. (Doc. 7, pp. 6-7). On one occasion, Dr. Shah prescribed a pain medication that resulted in an allergic reaction. (Doc. 7, pp. 7-8). It was documented that Plaintiff was allergic to that medication. (Doc. 7, p. 8).

On April 11, 2018, Plaintiff was taken to a hospital because of his chronic symptoms. (Doc. 7, p. 7). His condition continued to deteriorate, and he was admitted to a hospital on May 23, 2018. *Id*. He had surgeries on May 30, June 2, and June 4. (Doc. 7, pp. 6-7). Following the surgeries, he was prescribed medications for post-surgery care and had a colostomy bag. (Doc. 7, p. 8).

Plaintiff returned to Robinson on June 21, 2018. (Doc. 7, p. 8). Plaintiff alleges that Dr. Shah denied him necessary treatment post-surgery. (Doc. 7, pp. 8-9). Dr. Shah refused to give Plaintiff the medication prescribed by the surgeon and substituted cheaper, less effective medication. *Id.* Without the medication prescribed by the surgeon, Plaintiff suffered severe pain in his stomach, groin, and back and suffered serious complications. *Id.* And Dr. Shah ignored a nutritional regimen recommended for Plaintiff to avoid serious risk of harm. (Doc. 7, p. 9).

After his return to Robinson, Nurse Chlebowski administered a shot for post-surgery care. (Doc. 7, p. 9). Plaintiff alleges prior to the injection she did not clean the injection area or wear gloves. *Id.* At that time, there was another inmate in the infirmary who was post-surgery with a Methicillin-Resistant Staphylococcus Aureus ("MRSA") infection. (Doc. 7, pp. 12-13). A few days later, Plaintiff suffered severe pain and swelling in the area of the injection, which was in his incision, and there was a yellow/green discharge. *Id.* He had a sick call with Nurse Chlebowski, and she told him the swelling was from a hernia. (Doc. 7, p. 10). The following day the swelling burst and required treatment. *Id.* A culture taken that day revealed a MRSA infection. *Id.* Plaintiff alleges Dr. Shah failed to treat the MRSA infection. *Id.* A surgeon told Plaintiff the colostomy bag cannot be removed due to the MRSA infection. *Id.*

Plaintiff alleges Dr. Shah and Health Care Unit Administrator Philip Martin transferred him to general population on November 8, 2018 in retaliation for grievances he filed. (Doc. 7, pp. 10-11). Plaintiff was transferred from the infirmary to general population with an open wound, colostomy bag, and untreated MRSA. *Id.* On several occasions prior to the transfer, Martin told Plaintiff he believed Plaintiff was faking symptoms and he was going to talk to Dr. Shah about stopping Plaintiff's pain medications. *Id.* Martin also threatened to send Plaintiff to general population or transfer Plaintiff to another facility if Plaintiff continued to file grievances. *Id.* The

documents attached to the Amended Complaint show Plaintiff filed grievances regarding medical care and other issues on July 26, August 6, August 14, August 21, September 23, September 25, October 11, October 16, October 18, November 5, November 7, November 11, and November 13 (Doc. 7, pp. 25-27, 29-31, 34, 36-37, 41, 43-44, 49-50, 52, 54-55, 58). On November 9, the day after Plaintiff was transferred to general population, Martin asked him how he liked his new living conditions. (Doc. 7, p. 11).

## Preliminary Dismissals

Plaintiff's Complaint asserts claims against the individual defendants (Martin, Shah, Cummins, Chlebowski, and Rains) in both their official and individual capacities. (Doc. 7, pp. 1-3). Those individuals are not "persons" in their official capacities under Section 1983 for the purposes of this suit. Plaintiff can only bring claims against individuals who were personally involved in the deprivation of which he complains. The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Here, Plaintiff seeks only monetary damages. Therefore, the claims against the individual defendants in their official capacities are dismissed without prejudice.

Additionally, the claim against Warden David Rains in his individual capacity will be dismissed without prejudice. Plaintiff named Rains as a party but makes no allegations against him in the body of the Amended Complaint. Rains cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because he is the chief administrator of the prison. The doctrine of *respondeat superior* does not apply to Section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). There is no suggestion that Rains was personally responsible for violating Plaintiff's constitutional rights.

Plaintiff named Defendant Wexford Health Source, Inc., ("Wexford") as a party. Wexford is a corporation that employs the prison medical provider Defendants (Shah, Cummins, and Chlebowski) and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *see also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a section 1983 action). Here, Plaintiff has not alleged that an individual defendant either acted or failed to act as a result of an official policy espoused by Defendant Wexford. Accordingly, Wexford will be dismissed without prejudice.

### Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs for treatment of crohn's disease and related symptoms, post-surgery care, and a MRSA infection.
>
> **Count 2:** First Amendment claim for retaliation by transferring Plaintiff from the infirmary to general population with an open wound, colostomy bag, and untreated MRSA after Plaintiff filed grievances.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

### Count I

Prison officials impose cruel and unusual punishment in violation of the Eighth

Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Plaintiff alleges he suffers from crohn's disease, which the Court presumes constitutes a serious medical need for purposes of this Order. The allegations that Dr. Shah and Nurse Cummins disregarded complaints of severe pain and vomiting; denied and delayed necessary treatment for Plaintiff's crohn's disease, prior to surgery and post-surgery; and failed to treat a MRSA infection are sufficient to state a colorable deliberate indifference claim. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Gil v. Reed,* 381 F.3d 649, 661–62 (7th Cir. 2004)*; Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Accordingly, Count 1 shall receive further review as to Dr. Shah and Nurse Cummins.

Further, given the early stage of the litigation, Count 1 will proceed against Nurse Chlebowski to allow for further development of the record of the circumstances of the post-surgery injection and MRSA infection and against Martin for the transfer of Plaintiff from the infirmary to general population with an open wound, colostomy bag, and untreated MRSA.

### Count 2

The Complaint states a plausible claim for retaliation against Dr. Shah and Martin. Plaintiff identifies the retaliatory actions (transfer from the infirmary to general population with an open wound, colostomy bag, and untreated MRSA), names defendants (Dr. Shah and Martin), and asserts a constitutionally-protected activity that spurred the retaliation (filing grievances). Accordingly, Count 2 shall receive further review. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th

Cir. 2002) (to state a retaliation claim, a plaintiff only needs to allege the "bare minimum" facts necessary to notify the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response).

## Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied.[1] Plaintiff discloses unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates he is unable to represent himself based on his lack of education. The Court finds Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Pending Motion

Plaintiff's Motion for Service at Government Expense (Doc. 4) will be denied is moot. Summons will be issued and served on Defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshals Service or other process server. The Clerk will issue summons, and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Service at Government Expense

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

(Doc. 4) is **DENIED** as moot.

IT IS FURTHER ORDERED that the official capacity claims against **MARTIN, SHAH, CUMMINS,** and **CHLEBOWSKI** are **DISMISSED** without prejudice, and the official and individual capacity claims against **RAINS** are **DISMISSED** without prejudice.

IT IS FURTHER ORDERED that **WEXFORD** is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to terminate **RAINS** and **WEXFORD** as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

IT IS FURTHER ORDERED that **COUNT 1** shall receive further review as to **MARTIN SHAH**, **CUMMINS**, and **CHLEBOWSKI**.

IT IS FURTHER ORDERED that **COUNT 2** shall receive further review as to **MARTIN** and **SHAH**.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for **MARTIN**, **SHAH**, **CUMMINS**, and **CHLEBOWSKI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 29, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**